846 F.2d 72
 128 L.R.R.M. (BNA) 2567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Edna LYNN and Dudley Lynn, individuals, d/b/a Lynn's
Trucking Company, Respondents.
 No. 87-3819.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 16, 1988.
Decided May 13, 1988.
 
 Edna Lynn and Dudley Lynn, respondents pro se.
 Paul Jay Spielberg, Bart Scott, Aileen A. Armstrong, Deputy Associate General Counsel, for petitioner.
 Before WIDENER, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The National Labor Relations Board has petitioned for enforcement of its order directing that respondent Lynn's Trucking Company, jointly owned by Edna and Dudley Lynn, cease and desist from unfair labor practices; offer its former driver, Tyrone Parrotte, immediate reinstatement; and make him whole for any loss of earnings suffered by reason of his discharge. As the Board's finding of a violation of section 8(a)(3) and (1) of the National Labor Relations Act is supported by substantial evidence in the record as a whole, we grant enforcement.
 
 
 2
 Respondent hired Parrotte as a dump-truck driver on January 21, 1986, and discharged him on January 23, 1986. At the hearing before the Administrative Law Judge, Parrotte testified that he spoke to other drivers at lunch and after work on January 22 about joining Teamsters Local 639, and that on January 23, Dudley Lynn told him that he had heard that Parrotte had been talking union, that the company was not union, and that Parrotte's services were no longer required. Another former driver, Charles Henderson, testified that Edna Lynn asked him whether he had spoken to a union man and told him he would be discharged if he had because the company was non-union. A third driver, Russell Smith, testified that Dudley Lynn asked him whether he had signed a union card and told him that Parrotte had been talking union, interfering with the guys, and had been fired.
 
 
 3
 This testimony provides substantial support for the Board's finding that respondent violated section 8(a)(3) and (1) of the Act, 29 U.S.C. Sec. 158(a)(3) and (1), by discriminating in regard to terms or conditions of employment and interfering with the exercise of protected rights. The Lynns argue that the ALJ and Board erred in crediting the testimony of disgruntled former employees over the Lynns' testimony that they fired Parrotte because his union solicitation activities had blocked trucks at the landfill. "[A]bsent exceptional circumstances," however, the Board's credibility determinations will be sustained, NLRB v. Air Products and Chemicals, Inc., 717 F.2d 141, 145 (4th Cir.1983), and we find no cause here to set aside the determinations made by the Board.
 
 
 4
 Parrotte's testimony that he did not engage in union solicitation at the landfill until the day after his discharge, and then did not block any trucks, was corroborated not only by Henderson and Smith but also by the union's business agent and by a representative of the company which operated the landfill. The Lynns, on the other hand, presented conflicting evidence as to the date and the manner in which the truck-blocking activity took place.
 
 
 5
 Finding substantial evidence in the record to support the Board's decision and order, we grant enforcement. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 ENFORCEMENT GRANTED.